```
               UNITED STATES DISTRICT COURT
               EASTERN DISTRICT OF LOUISIANA


JOSEPH MELTON                            CIVIL ACTION

VERSUS                                   NO. 06-10784

AMERICAN BANKERS INSURANCE               SECTION "R"(1)
COMPANY OF FLORIDA
```

### ORDER AND REASONS

Plaintiff Joseph Melton moves the Court to remand this matter to state court on the ground that the defendant's removal petition was untimely.  For the following reasons, the Court DENIES plaintiff's motion to remand.


### I.   BACKGROUND

Plaintiff filed this action in state court on August 7, 2006, and served the defendant, American Bankers Insurance Company of Florida, on September 6, 2006.  Plaintiff's petition did not seek a specific amount of damages.  Rather, plaintiff alleges that defendant insured his mobile home and failed to pay its replacement value when he lost the mobile home and its contents in Hurricane Katrina.  He alleges that defendant paid

only an insignificant amount of his loss.  He further alleges that defendant arbitrarily and capriciously failed to pay his claim on a timely basis in violation of La. Rev. Stat. §§ 22:658 and 22:1220, Louisiana statutes that authorize the recovery of penalties and attorney's fees.

Defendant removed the case to this Court on December 5, 2006, asserting that the Court has jurisdiction under 28 U.S.C. § 1332 because the citizenship of the parties is diverse, and the amount in controversy exceeds $75,000.  Relying on 28 U.S.C. § 1446(b), defendant asserted that it received a settlement demand from plaintiff on November 27, 2006, from which it ascertained for the first time that the case was removable because the demand indicated that the amount in controversy exceeded $75,000.  *See* 28 U.S.C. § 1446(b) (if case stated by initial pleading is not removable, then defendant must remove within 30 days of receipt of an amended pleading, motion, order, or other paper from which the defendant can ascertain that the case is removable). Defendant asserted that it timely removed the case within 30 days of its receipt of plaintiff's demand letter, which constituted "other paper" within the meaning of Section 1446(b).  Plaintiff now moves to remand on the ground that defendant's notice of removal was untimely.  Plaintiff contends that defendant received correspondence and an estimate before the petition was filed that

put it on notice that the amount in controversy was satisfied.

**II.  ANALYSIS**

Plaintiff relies on pre-suit documents to assert that removal was untimely.  Plaintiff asserts that these documents plus the petition would have shown the case to be removable, thus starting the removal clock on the date the defendant received the petition.  Plaintiff's argument is foreclosed by *Chapman v. Powermatic, Inc.*, 969 F.2d 160 (5th 1992).  In *Chapman*, the court stated that the initial pleading triggers the removal clock only when "that pleading affirmatively reveals on its face that the plaintiff is seeking damages in excess of the minimum jurisdictional amount."  *Id.* at 163.  The court found that this rule served the interests of judicial economy in that it obviated the need to inquire into the subjective knowledge of the defendant.  *Id.*  Here, plaintiff's petition did not specifically allege that the damages sought exceeded the federal jurisdictional minimum.  Under *Chapman*, receipt of the petition did not start the removal clock.

*Chapman* also held that the plaintiff could not rely on the pre-suit documents as "other paper" for the purposes of triggering the removal clock under the provision of Section 1446(b) that permits removal within 30 days of receipt of "other

paper" that makes it ascertainable that the case is removable. Rather, the court held that the plain language of Section 1446(b) means that if "'other paper' is to start the thirty-day time period, a defendant must receive the 'other paper' after receiving the initial pleading." *Id.* at 164. Plaintiff's arguments that removal was untimely are therefore without merit. The Court finds that it has diversity jurisdiction over this matter and denies plaintiff's motion to remand.

New Orleans, Louisiana, this 15th day of February, 2007.

_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE