```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF LOUISIANA


JOSEPH MELTON                             CIVIL ACTION

VERSUS                                    NO. 06-10784

AMERICAN BANKERS INSURANCE                SECTION "R"(1)
COMPANY OF FLORIDA
```

### ORDER AND REASONS

Before the Court is defendant American Bankers Insurance Company of Florida's motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure. For the following reasons, the Court GRANTS defendant's motion.

### I.   BACKGROUND

Plaintiff filed this action in state court on August 7, 2006, and served the defendant, American Bankers Insurance Company of Florida, on September 6, 2006. Plaintiff's petition did not seek a specific amount of damages. Rather, plaintiff alleges that defendant insured his mobile home and failed to pay its replacement value when he lost the mobile home and its contents in Hurricane Katrina. He alleges that defendant paid

only an insignificant amount of his loss.  He further alleges that defendant arbitrarily and capriciously failed to pay his claim on a timely basis in violation of La. Rev. Stat. §§ 22:658 and 22:1220, Louisiana statutes that authorize the recovery of penalties and attorney's fees.

Defendant removed the case to this Court on December 5, 2006, asserting that the Court has jurisdiction under 28 U.S.C. § 1332 because the citizenship of the parties is diverse, and the amount in controversy exceeds $75,000.  Relying on 28 U.S.C. § 1446(b), defendant asserted that it received a settlement demand from plaintiff on November 27, 2006, from which it ascertained for the first time that the case was removable because the demand indicated that the amount in controversy exceeded $75,000.  *See* 28 U.S.C. § 1446(b) (if case stated by initial pleading is not removable, then defendant must remove within 30 days of receipt of an amended pleading, motion, order, or other paper from which the defendant can ascertain that the case is removable). Defendant asserted that it timely removed the case within 30 days of its receipt of plaintiff's demand letter, which constituted "other paper" within the meaning of Section 1446(b).  Plaintiff moved to remand on the ground that defendant's notice of removal was untimely.  On February 15, 2007, the Court denied plaintiff's motion to remand, finding that defendant's removal was timely in

light of the fact that plaintiff's petition did not specifically allege that the damages sought exceeded the federal jurisdictional minimum. *See generally Chapman v. Powermatic, Inc.*, 969 F.2d 160, 163-64 (5th Cir. 1992) (initial pleading triggers the removal clock only when "that pleading affirmatively reveals on its face that the plaintiff is seeking damages in excess of the minimum jurisdictional amount").

Defendant then filed this motion for summary judgment, asserting that, since it has tendered plaintiff the full limits under his mobile home policy, it cannot be held liable under any of plaintiff's claims. Plaintiff opposes the motion. The Court rules as follows.

## II. LEGAL STANDARD

Summary judgment is appropriate when there are no genuine issues as to any material facts, and the moving party is entitled to judgment as a matter of law. *See* FED. R. CIV. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-323 (1986). A court must be satisfied that no reasonable trier of fact could find for the nonmoving party or, in other words, "that the evidence favoring the nonmoving party is insufficient to enable a reasonable jury to return a verdict in her favor." *Lavespere v. Niagara Mach. & Tool Works, Inc.*, 910 F.2d 167, 178 (5th Cir.

light of the fact that plaintiff's petition did not specifically allege that the damages sought exceeded the federal jurisdictional minimum. *See generally Chapman v. Powermatic, Inc.*, 969 F.2d 160, 163-64 (5th Cir. 1992) (initial pleading triggers the removal clock only when "that pleading affirmatively reveals on its face that the plaintiff is seeking damages in excess of the minimum jurisdictional amount").

Defendant then filed this motion for summary judgment, asserting that, since it has tendered plaintiff the full limits under his mobile home policy, it cannot be held liable under any of plaintiff's claims. Plaintiff opposes the motion. The Court rules as follows.

## II. LEGAL STANDARD

Summary judgment is appropriate when there are no genuine issues as to any material facts, and the moving party is entitled to judgment as a matter of law. *See* FED. R. CIV. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-323 (1986). A court must be satisfied that no reasonable trier of fact could find for the nonmoving party or, in other words, "that the evidence favoring the nonmoving party is insufficient to enable a reasonable jury to return a verdict in her favor." *Lavespere v. Niagara Mach. & Tool Works, Inc.*, 910 F.2d 167, 178 (5th Cir.

1990) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986)).  The moving party bears the burden of establishing that there are no genuine issues of material fact.

If the dispositive issue is one on which the nonmoving party will bear the burden of proof at trial, the moving party may satisfy its burden by merely pointing out that the evidence in the record contains insufficient proof concerning an essential element of the nonmoving party's claim.  *See Celotex*, 477 U.S. at 325; *see also Lavespere*, 910 F.2d at 178.  The burden then shifts to the nonmoving party, who must, by submitting or referring to evidence, set out specific facts showing that a genuine issue exists.  *See Celotex*, 477 U.S. at 324.  The nonmovant may not rest upon the pleadings, but must identify specific facts that establish a genuine issue exists for trial.  *See id.* at 325; *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1996).

**III. DISCUSSION**

Defendant has provided the Court with unrebutted evidence indicating that it has tendered plaintiff his policy limits for all relevant aspects of his mobile home coverage.  Namely, plaintiff received $19,512 for his mobile home structure, $5,855 for his personal property, $975 for his adjacent structures, and additional living expenses of $600.  (R. Doc. 7, Exs. B & C).

Defendant therefore argues that it has satisfied its obligations under the plain terms of the policy.

However, plaintiff contends that he is entitled to substantially more than what he has already been paid under his mobile home policy because he purchased as part of his policy the "Replacement Cost Coverage Endorsement." Plaintiff asserts that this endorsement entitles him to the replacement cost of the structure, which exceeds the limits of liability contained in the policy. By contrast, defendant argues that the plain language of the endorsement limits plaintiff's recovery here to $19,512, the limit for his mobile home structure. The Court is thus faced with a contract interpretation question in this motion for summary judgment.

The endorsement at issue reads, in relevant part:

> The amount **WE** will pay for loss of, or damage to **YOUR** Mobile Home and Adjacent Structures, if it is insured by **US** to at least 80% of its replacement value, will be the lesser of:
>
> Total Loss:
> 1.   The Limit of Liability; or
> 2.   Replacement of **YOUR** Mobile Home with another Mobile Home with a market value not to exceed the Limit of Liability.

(R. Doc. 7, at Ex. A). By its plain terms, the Court concludes that, as defendant contends, plaintiff's recovery here is limited to $19,512, which is the lesser of the two possible amounts set

5

forth in the endorsement.[1]  There is no ambiguity in this contract language, as plaintiff contends.

Furthermore, the Court finds unavailing plaintiff's argument that the endorsement is "disingenuous at best and fraudulent at worst" because plaintiff did not ultimately receive more coverage in return for the additional $10 premium he paid for the endorsement to be included in his policy.  A comparison of the loss payment provisions in the endorsement to the loss payment provisions in defendant's standard mobile home policy form defeats this argument.  The standard policy form reads, in relevant part:

> The amount WE pay for loss of, or damage to YOUR mobile home, adjacent structures and personal effects except for payment methods of Natural Disaster Protection will be the lowest of:
>
>> The difference between the actual cash value of YOUR property immediately before the loss and its actual cash value immediately after the loss, or
>>
>> The cost of repairing the damage, or
>>
>> The actual cash value of YOUR property immediately preceding the loss, or
>>
>> The cost of replacing your property, or

---

[1] Plaintiff's counsel sent a letter to defendant on November 27, 2006 in which he suggested that the replacement value of plaintiff's mobile home is between $90,000 and $100,000. (R. Doc. 1-2, Ex. A).

>    The amount of insurance shown on Page One.
>
>    We may also replace the property with property of similar kind, quality and value.

(R. Doc. 7, Ex. A).  Thus, as defendant points out, under the standard policy form, an insured's recovery in the case of a total loss could be limited to the actual cash value of the damaged property.  In that scenario, plaintiff would not necessarily be entitled to the limits of his policy since actual cash value usually takes into account depreciation.  Under the endorsement, on the other hand, the actual cash value of an insured's property cannot be used to determine the amount that the insured may recover for a total loss, and plaintiff may recover the full limits of his policy without regard to depreciation.  Plaintiff therefore received a benefit in exchange for the additional $10 premium he paid.

Because no genuine issue of fact exists and the Court finds that defendant has fully discharged its duty under plaintiff's policy by tendering him his applicable limits, summary judgment is appropriate as to all of the claims asserted by plaintiff in his state court petition.

## IV.  CONCLUSION

For the foregoing reasons, the Court GRANTS defendant's

motion for summary judgment.

New Orleans, Louisiana, this 10th day of May, 2007.

_____Sarah Vance_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE